UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

In Re:

    BALDASSARRE PINTI
    aka BUDDY PINTI,

                    Debtor.
_____

FORD MOTOR CREDIT COMPANY,

                      Appellant,

    -against-

BALDASSARRE PINTI
aka BUDDY PINTI,

                    Appellee.
_____

District Court
Civil Docket
Case No. 7:07-cv-02848-SCR

Bankruptcy Court
Case No. 06-35230-CGM
(Chapter 13)

# REPLY BRIEF OF APPELLANT FORD MOTOR CREDIT COMPANY

**Deily, Mooney & Glastetter, LLP**
**Attorneys for Ford Motor Credit Company**
**8 Thurlow Terrace**
**Albany, New York  12203**
**(518) 436-0344**

**TABLE OF CONTENTS**

Page

ARGUMENT

I. Recent District Court Decisions Adopt the *In re Particka* Analysis and Recognize State Law and Section 502 as the Source of a Deficiency Claim……………………………………………………..1

II. Appellee Inaccurately Recites the Status of the Case Law Dealing with the Subject of Whether a "910 Creditor" is Entitled to a Deficiency Claim………………………………………………………………….3

III. The Debtor's Analysis of the Second Circuit Decision in *In Re Kerwin* is Inaccurate………………………………………………………4

IV. Debtor's Criticism of the *Particka* Decision is Unfounded………........…………..5

V. Appellee's Reliance on Section 506 and Pre-BAPCPA Law for the Origin of a Deficiency Claim in the Event of Surrender is Misplaced…………………...6

CONCLUSION………………………………………………………………………8

## **TABLE OF AUTHORTIES**

|  | Page |
|---|---|
| **Federal Cases** | |
| In re Denis, 2007 WL 76722 | 1 |
| In Re Ezell, 338 B.R. 330 (Bankr. E.D. Tenn. 2006) | 1 |
| In re Kerwin, 996 F.2d 552 (2d Cir. 1993) | 4 |
| In re Newberry, 2007 WL 1308318 | 1 |
| In re Nichols, 440 F.3d 850 (6th Cir. 2006) | 3 |
| In re Osborn, ___ B.R.___, 2007 WL 542435 (8th Cir. BAP. (Mo.) 2007) | 3 |
| In Re Particka, 355 B.R. 616 (Bankr. E.D. Mich. 2006) | 1, 5 |
| In Re Zehrung, 351 B.R. 675 (W.D. Wis. 2006) | 1 |
| Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co., _____ U.S. ____, 127 S. Ct. 1199, _____ L. Ed. 2d _____ (2007) | 2, 7 |
| **Federal Statutes** | |
| 11 U.S.C. § 1225(a)(5)(B) | 5 |
| 11 U.S.C. § 1225(a)(5)(C) | 5 |
| 11 U.S.C. § 1325(a)(5)(B) | 6 |
| 11 U.S.C. § 1325(a)(5)(C) | 5, 6 |
| 11 U.S.C. §1325(a)(5)(C) | 4 |
| 11 U.S.C. §362(d)(1) | 4 |
| 11 U.S.C. §502 | 5, 7 |
| 11 U.S.C. §506 | 3, 4 |
| 28 U.S.C. § 158(b)(1) | 4 |

<u>State Statutes</u>

Uniform Commercial Code Sections 9-610 to 9-624                             2

Uniform Commercial Code Sections 9-615                                      5

Appellant, Ford Motor Credit Company ("Ford Credit") submits this Reply Brief in response to the Brief of the Appellee, Baldassarre Pinti ("Debtor").

## SUMMARY

The Debtor's argument in support of the decision below is essentially that it is in harmony with the majority of bankruptcy judges who have elected to follow the *In Re Ezell*, 338 B.R. 330 (Bankr. E.D. Tenn. 2006) and its major premise that a creditor's right to a deficiency derives solely from Section 506 of the Bankruptcy Code. The second point is that the minority view, exemplified in *In Re Particka*, 355 B.R. 616 (Bankr. E.D. Mich. 2006) is incorrect, an argument based on a mischaracterization of some of the *Particka* court's reasoning. None of the Debtor's arguments are sufficient to demonstrate that the decision below is the correct interpretation of the law and thus should be allowed to stand.

## ARGUMENT

### I.   Recent District Court Decisions Adopt the *In re Particka* Analysis and Recognize State Law and Section 502 as the Source of a Deficiency Claim.

Subsequent to the submission of Ford Credit's main brief in this case, two additional bankruptcy courts have joined the growing minority holding that there is no "surrender in full satisfaction" option under the Bankruptcy Code.[1] In addition, the United States District Court for the Northern District of Georgia, on two separate appeals from the bankruptcy court, has sided with this view. The *Ezell* rationale has yet to find support outside of the bankruptcy courts; the only non-bankruptcy appellate courts to address the issue have all rejected *Ezell*.[2]

The two District Court appeals decided May 10, 2007 in the Northern District of Georgia recognize the fatal flaw in the *Ezell* line of reasoning – that section 506 is the sole source of a

---

[1] *In re Denis*, 2007 WL 76722 (Bankr., D. Dist. Col. 3/8/2007); *In re Newberry*, 2007 WL 1308318 (Bankr. W.D. Tex. 5/3/2007).
[2] *In Re Zehrung*, 351 B.R. 675 (W.D. Wis. 2006), and the Northern District of Georgia decisions cited herein.

Brief                                    1

deficiency claim - and adopt the *Particka* analysis. In *In re Silvers*, 07-CV-00012-HLM (N.D. Ga. May 10, 2007 and *In re Slocum*, 07-CV-00013-HLM (N.D. Ga. May 10, 2007),[3] the District Court rejected the *Ezell* rationale as well as Debtor's argument and the decision of the court below on its major premises. The District Court held that, upon surrender and the ultimate disposition of the vehicle, Section 506(a) is inapplicable in any event because the Debtor's estate no longer has any interest in the vehicle. The District Court further held that state law determines the value of the collateral (liquidation value) and the resulting unsecured deficiency claim, and thus state law supplies the "bifurcation" in the absence of Section 506. The Court stated:

> … applicable state law, rather than pre- or post-BAPCPA § 506, bifurcates a secured creditor's claim upon surrender of collateral under § 1325(a)(5)(C). Pre-BAPCPA, § 506 was used to determine the "cram down" value of vehicles retained by debtors pursuant to § 1325(a)(5)(B), whereas, the value of surrendered collateral was its liquidation value. See Assoc. Commercial Corp., 520 U.S at 957-65. Similarly, post-BACPA, a creditor taking possession of collateral surrendered under § 1325(a)(5)(C) also does not depend on § 506 to determine the value of the securing collateral or the amount of the remaining unsecured claim. Rather, the treatment of the remaining unsecured claim is determined by state law uniform commercial code sections 9-610 to 9-624.

*Slocum*, pp. 16-17.

This view is consistent with the decision by the United States Supreme Court in *Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co.*, _____ U.S. ____, 127 S. Ct. 1199, _____ L. Ed. 2d _____ (2007) (hereinafter "*Travelers*").

The *Travelers* decision rejects the fundamental premise of *Ezell* and the bankruptcy court below and reiterates the position of the Supreme Court – that state law governs the substance of claims, unless bankruptcy law otherwise expressly provides. Id. at 127 S. Ct. 1199, 1204.

---

[3] These two cases share an identical written decision. A copy of the *Slocum* decision is annexed to this Reply Brief.

Brief 2

*Travelers* thus rejects Debtor's contention that bankruptcy law is the sole source of the creditor's deficiency claim.

In adopting the minority view, the District Court in *Slocum* considered Congressional intent, which has been virtually ignored by *Ezell* and its progeny, and recognized the absurdity of the result in that line of cases:

> The Court observes that it is highly unlikely that congress included the "hanging paragraph" to prohibit debtors from "cramming down" 910-day vehicle claims under §1325(a)(5)(B), while, at the same time, permitting debtors to "cram down" such claims under §1325(a)(5)(C).

*Slocum* at 19.

### VI. Appellee Inaccurately Recites the Status of the Case Law Dealing with the Subject of Whether a "910 Creditor" is Entitled to a Deficiency Claim.

To bolster its argument for affirmance, Debtor states that "the only two Circuits that have addressed the issue" have concluded that surrender in full satisfaction is permissible (Brief of Debtor-Appellee, p. 8), implying that two Circuit Courts of Appeals have adopted the Ezell rationale. This contention is both inaccurate and misleading.

Debtor's citation for this proposition is a string citation in its brief. It can only be inferred that the cases to which Appellee refers are *In re Osborn*, ___ B.R.___, 2007 WL 542435 (8th Cir. BAP. (Mo.) 2007) and *In re Nichols*, 440 F.3d 850 (6th Cir. 2006). In *Osborn*, the Bankruptcy Appellate Panel held that the "hanging paragraph" precluded bifurcation of the creditor's claim in the event that the debtor retained or surrendered the vehicle. This premise, like that in the decision from the Bankruptcy Court below and the *Ezell* line of cases addressed in Appellant's brief, incorrectly relies on 11 U.S.C. §506 as the "statutory vehicle for creating an unsecured claim." *Osborn* at 4. It is of particular note that this decision comes from the

Bankruptcy Appellate Panel, which is comprised of three bankruptcy judges from within the circuit rather than a District Court or a Circuit Court of Appeals. 28 U.S.C. § 158(b)(1), (5).

The *Nichols* case does not even address the surrender in full satisfaction issue before this Court. Rather, the *Nichols* Court dealt with whether a debtor, whose confirmed Chapter 13 Plan provided for retention of the vehicle and payment, could modify the plan over a creditor's objection to cure a post-confirmation default on the automobile loan resulting from the debtor-husband's loss of employment. The Court denied the creditor's motion for relief from the automatic stay "for cause" pursuant to 11 U.S.C. §362(d)(1) and permitted modification. The Court utilized 11 U.S.C. §506 solely to determine whether the creditor was undersecured at the time of the proposed modification. *Nichols* in no way represents a Circuit Court of Appeals decision on the "surrender in full satisfaction" issue, as it was decided under pre-BAPCPA law.

   **VII. The Debtor's Analysis of the Second Circuit Decision in**
     ***In Re Kerwin* is Inaccurate.**

The Debtor's analysis of *In re Kerwin*, 996 F.2d 552 (2d Cir. 1993) (also cited in Appellant's brief) is inaccurate. Debtor argues that "pre-amendment law applied Section 506 of the Code to determine the secured claimant's claim amount and classification in cases where the debtor's [sic] opted to surrender the secured collateral pursuant to 11 U.S.C. §1325(a)(5)(C)", citing *Kerwin*. To the contrary, *Kerwin* holds

> When the debtor elects to surrender the collateral under (C), the secured creditor takes possession of the property and sells it in accordance with non-bankruptcy law. If a sale produces a deficiency, the creditor may assert the amount of such deficiency as an unsecured claim against the debtor's remaining assets.

*Kerwin*, *supra* at 557; *see* 5 King, *Collier on Bankruptcy* ¶1225.03, at 1225-27 (15th ed. 1992).

*Kerwin* was cited by Ford Credit for the proposition that applicable non-bankruptcy law, i.e. state law, is the basis for the deficiency claim. Debtor misconstrues *Kerwin* as using 506 as

the basis for the determination of the deficiency claim amount in the surrender situation. Section 506 is discussed nowhere in the *Kerwin* decision. *Kerwin* involved an oversecured creditor. Debtor, a family farmer, drafted a Chapter 12 Plan seeking to satisfy fully the oversecured creditor by transferring to it a portion of the collateral that was determined to be equal in value to the debt. The Second Circuit decided *Kerwin* under 11 U.S.C. § 1225(a)(5)(B) dealing with distribution of property, not under 11 U.S.C. § 1225(a)(5)(C) which is the Chapter 12 equivalent of 11 U.S.C. § 1325(a)(5)(C) dealing with surrender.

### IV. Debtor's Criticism of the *Particka* Decision is Unfounded.

Appellee at page 11 of his brief, attempts to fortify his argument by finding fault with the analysis in *In re Particka*, 355 B.R. 616 (Bankr. E.D.Mich 2006). Debtor's stated concern with the *Particka* analysis is that the use of state law to determine the creditor's deficiency would deny Debtor the right to question or object to the "unilaterally determined deficiency in the state court". Appellee's Brief at 11.[4]

To the contrary, section 502 provides such a mechanism. Section 502, dealing with the Allowance of Claims, provides the means by which Debtor may dispute the deficiency balance calculated in accordance with the state Uniform Commercial Code. The Debtor, in filing a claim objection pursuant to section 502, may raise issues respecting the disposition, such as whether the collateral was sold in a commercially reasonable manner and in accordance with the mandates of the Uniform Commercial Code. *See* 11 U.S.C. §502.

---

[4] Debtor's assertion that the amount of the deficiency claim is determined in state <u>court</u> is inaccurate (Appellee Brief, p. 11; p. 14). When collateral is surrendered, the creditor sells it in accordance with state <u>law</u>, the Uniform Commercial Code, but does not involve any state court in determining the deficiency. The Uniform Commercial Code sets out the calculation of the deficiency in UCC 9-615. Upon proper objection to the deficiency proof of claim, the Bankruptcy Court has the exclusive jurisdiction to determine its allowance under Section 502. Debtor suggests that some state court will supplant the Bankruptcy Court on this issue; that is untrue and misleading.

Brief 5

Debtor suggests that the bankruptcy judge decided *Particka* because the judge is located in the State of Michigan (Appellee's Brief, p. 11, footnote 4), home base of the American automobile industry. It is convenient to attack the industry for its efforts in securing relief in Congress from certain abuses, such as the cram down abuse, an effort with which many in the debtor bankruptcy bar disagree (Appellee's Brief, pp. 15-16). But it is improper for Debtor to suggest that Bankruptcy Judge Schefferly reached a contorted conclusion in order to protect that industry.

Finally, Debtor argues that the *Particka* line of cases is founded upon reading the "hanging paragraph" as being applicable only to the reaffirmation option under 11 U.S.C. § 1325(a)(5)(B), but not to the "surrender" option under 11 U.S.C. § 1325(a)(5)(C). This is an inaccurate characterization. What this line of cases concludes, as recently set forth in *Slocum* and *Silvers*, is that once there has been a disposition of the vehicle following surrender, the estate's interest in the vehicle is terminated and Section 506 would have no application in any event.

    **V. Appellee's Reliance on Section 506 and Pre-BAPCPA Law for the Origin of a Deficiency Claim in the Event of Surrender is Misplaced.**

At page nine of Appellee's brief, the following claim is made:

> The majority finds that, as the law was prior to the modifications created by BAPCPA, Section 506 of the Code applies to surrender situations. Thus, the origin of deficiency arises not from the application of state law in the surrender scenario, but more properly the application of Section 506 of the Code which states that a creditor has the right to assert a deficiency as a general unsecured claim.

No citation of authority for the above statement was provided. Debtor's conclusion that the origin of deficiency arises from the application of Section 506 is the essence of the *Ezell*

rationale, which is fatally flawed.  As the estate ceases to have an interest in the vehicle upon disposition following surrender, Section 506 is not implicated at all.  Section 506 is not a definitional section and does not dictate whether a creditor is secured or unsecured.  The source of the deficiency claim is state law and the source of the allowed unsecured claim in the bankruptcy case is 11 U.S.C. §502.  Appellant's Brief at 20-25.

Consistent with those cases that adopt *Ezell* without any significant independent analysis, the Debtor here simply relies on string citations and support from those cases that have adopted *Ezell* without significant consideration of the role of state law as the source of the allowed deficiency claim under Section 502.   The Debtor's argument completely ignores the *Travelers* decision.

The Bankruptcy Court's decision below can only stand if Section 506 is the sole source in law for the determination of a deficiency claim.  Since state law, specifically the Uniform Commercial Code, provides a mechanism for determining the amount of a deficiency claim, it is plain that Section 506 is not necessary to the process.  State law thus fills in whatever "gap" may be perceived to exist from the Hanging Paragraph's exclusion of Section 506 in 910 vehicle surrender cases.  Moreover, under the principles enunciated in *Traveler's*, the state law-determined claim, as set out in Ford Credit's amended proof of claim for the deficiency, which is enforceable under New York law in the non-bankruptcy context, is "allowed in bankruptcy unless… expressly disallowed."  *Travelers*, 127 S. Ct. at 1206.  Section 502 contains no provision for its <u>ipso</u> <u>facto</u> disallowance, as the court below held.  Under *Travelers*, Ford Credit must be allowed to assert its deficiency claim.

## CONCLUSION

For the reasons stated, Ford Credit respectfully urges the Court to reverse the bankruptcy court's order denying Ford Credit's objection to confirmation of the Debtors' Chapter 13 Plan, with directions that the Plan not be confirmed unless it deletes the provision for surrender of Ford Credit's collateral in full satisfaction of the debt, and that Ford Credit's unsecured deficiency claim be deemed allowed and paid under the Plan with the same treatment as all other unsecured non-priority claims.

DATED:   Albany, New York           DEILY, MOONEY& GLASTETTER, LLP
         May 31, 2007               Attorneys for Ford Motor Credit Company

                            By     /s/ Martin A. Mooney
                                   Martin A. Mooney, Esq. (8333)
                                   8 Thurlow Terrace
                                   Albany, New York  12203
                                   Tel.:   (518) 436-0344
                                   Fax:    (518) 436-8273
                                   E-Mail:  mmooney@deilylawfirm.com