UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

In the Matter of:
Travis Wayne Slocum and
Martha Belle Slocum,

    Appellants,

v.                        CIVIL ACTION FILE
                        NO. 4:07-CV-00013-HLM

Americredit Financial
Services, Inc.,

    Appellee.

## ORDER

This case is before the Court on appeal from the bankruptcy court. Appellants/debtors Travis and Martha Slocum appeal Bankruptcy Judge Mary Grace Diehl's

Order finding in favor of Appellee and directing Appellants to file a post confirmation modification of the Plan or take other action [1].

## I. Background

On July 6, 2006, Appellants filed a Chapter 13 bankruptcy petition and plan. (Bankr. Docket Entry Nos. 1 & 2.) Appellants' Chapter 13 plan called for the surrender of a 2004 Kia Sorrento that Appellants purchased from Appellee on September 4, 2004, in full satisfaction their debt. (Bankr. Docket Entry No. 2.)

On July 21, 2006, Appellee filed an Objection to Conformation of Chapter 13 Plan based on a provision in the plan proposing that Appellee would have no entitlement

to a deficiency claim after the sale of the vehicle. (Bankr. Docket Entry No. 16.)

On August 24, 2006, Appellee filed a Second Objection to Confirmation of Chapter 13 Plan based upon the same provision. (Bankr. Docket Entry No. 23.)

On December 13, 2006, the Bankruptcy Court issued an Order finding in favor of Appellee and directing Appellants to file a post-confirmation modification of the Plan or take other appropriate action. (Bankr. Docket Entry No. 58.)

On December 15, 2006, Appellants filed a Notice of Appeal. (Docket Entry No. 1.)

The briefing schedule for the instant Appeal is complete and the Court finds that this issues is ripe for resolution by the Court.

## II. Standard of Review for Appeals from a Bankruptcy Court

Findings of fact by a bankruptcy court will not be set aside unless clearly erroneous. Fed. R. Bankr. P. 8013. Findings of fact are subject to reversal when "the reviewing court is left with the definite and firm conviction that a mistake has been committed." <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364, 395 (1948). A bankruptcy court's equitable determinations are subject to review under an abuse of discretion standard. <u>In re Gen. Dev. Corp.</u>, 84 F.3d 1364, 1367 (11th Cir. 1996). Finally,

4

a bankruptcy court's conclusions of law are subject to a de novo review, which requires the district court to independently examine the law and draw its own conclusions after applying the law to the facts without regard to the bankruptcy court's decision. <u>In re Chase & Sanborn Corp.</u>, 904 F.2d 588, 593 (11th Cir. 1990).

## III. Discussion

Appellants argue that 11 U.S.C.A. § 1325 permits a debtor to surrender a vehicle purchased within 910 days prior to the filing of a Chapter 13 bankruptcy petition (a "910-day vehicle") in full satisfaction of the vehicle creditor's claim. Appellants contend that § 506, allowing the bifurcation of a creditor's claim into secured and unsecured components, does not apply in situations where

5

the debtor surrenders a 910-day vehicle. Appellants assert that the debtor's surrender of a 910-day vehicle precludes the creditor from asserting a deficiency claim in the debtor's bankruptcy, regardless of whether the vehicle is liquidated for less than the debt. Appellant also asserts that the vehicle at issue was property of the estate at the commencement of the bankruptcy and still is property of the estate for the purposes of §§ 1325(a)(5)(C) and 506(a).

Appellee argues that the Bankruptcy Court did not err in sustaining Appellee's objection to Appellant's Chapter 13 plan regarding surrender of the vehicle at issue in full satisfaction of the debt owed to Appellee. Appellee asserts that pre-BAPCPA there was no need to refer to § 506(a)(1) when a debtor surrendered collateral pursuant to § 1325(a)(5)(C), and that Congress's intent in amending §

6

1325(a) was to discourage bankruptcy abuse and put more money into the hands of creditors. Appellee contends that, upon surrender of collateral, the bankruptcy estate no longer has an interest in the collateral for the purposes of § 506 and therefore the hanging paragraph does not preclude a creditor from pursuing an allowed unsecured deficiency claim under § 502. Appellee also contends that state law determines whether a creditor has a secured or unsecured claims and that, because the debt here was secured by the parties' contract, Appellee may liquidate the surrendered property and then be entitled to an unsecured deficiency claim pursuant to state law.

A.  **Applicable Law**

11 U.S.C.A. § 1325, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005

("BAPCPA"), states, in relevant part, that the court "shall" confirm a plan if one of three conditions are met with regard to allowed secured claims:

(A) the holder of such claim has accepted the plan;

(B)(i) the plan provides that –
    (I) the holder of such claim retain the lien securing such claim until the earlier of –
        (aa) the payment of the underlying debt determined under nonbankruptcy law; or
        (bb) discharge under section 1328; and
    (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and

(iii) if –
    (I) property to be distributed pursuant to this subsection is in the form of periodic payments,

8

> such payments shall be in equal monthly amounts; and
>
> > (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
>
> (C) the debtor surrenders the property securing such claim to such holder . . . .

11 U.S.C.A. § 1325(a)(5). Following subsection (9) of § 1325(a) is an unnumbered paragraph, referred to by bankruptcy courts as the "hanging paragraph," which states that,

> [f]or the purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day[s] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the

>debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing;

Id. § 1325(a)(*).

>Under section 506(a) of the Bankruptcy Code,
>
>[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C.A. § 506(a).

Prior to BAPCPA a debtor could use § 1325(a)(5)(B) to <u>retain</u> a vehicle, over the creditor's objection, and then use § 506(a) to divide the vehicle creditor's claim into secured and unsecured portions. <u>Assocs. Commercial Corp. v. Rash</u>, 520 U.S. 953, 956-57 (1997). Section 506(a) governed the value of the allowed secured claim and was used to determine the "cram down" or present value of the vehicle that would be paid over the term of the debtor's plan. <u>Id.</u> The remaining debt was treated as any other unsecured claim. <u>Id.</u> at 961.

The "hanging paragraph" added under BAPCPA now prevents a debtor from retaining a 910-day vehicle under § 1325(a)(5)(B) and using § 506(a) to "cram down" the value of the allowed secured debt that would be paid through the bankruptcy plan. 11 U.S.C.A. § 1325(a)(*);

see In re Particka, 355 B.R. 616, 623 (Bankr. E.D. Mich. 2006). The issue before the Court is whether the "hanging paragraph" also precludes the bifurcation of such a debt when the debtor <u>surrenders</u> a 910-day vehicle under §1325(a)(5)(C), thus permitting the debtor to "cram down" the debt by surrendering the vehicle to a secured creditor <u>in full satisfaction</u> of the debt and preventing the creditor from assert an unsecured deficiency clam against the debtor.

### B. Discussion

As an initial matter, the Court observes that the instant appeal only involves the Bankruptcy Court's conclusion of law. There are no facts in dispute, nor did Judge Diehl make any findings of fact that require review for clear error. The parties agree that Appellee has a purchase money

security interest securing the debt at issue, that the debt was incurred within 910 days prior to Appellants' filing of thier Chapter 13 petition, and that the collateral for the debt is a motor vehicle acquired for Appellants' personal use. The Court therefore turns to the legal issue in dispute.

Courts are dividend on the effect of the "hanging paragraph" on §1325(a)(5)(C). The majority of courts that have addressed the issue hold that a debtor can use §1325(a)(5)(C) to surrender a 910-day vehicle in full satisfaction of the debt and that the "hanging paragraph" prevents the vehicle's creditor from asserting an unsecured claim for any deficiency between the value of the vehicle and the debt that it secured. <u>In re Osborn</u>, -- B.R. --, 2007 WL 542435, at *2 (8th Cir. Feb. 23, 2007) (compiling cases). A minority of courts, however, hold that the

13

"hanging paragraph" does not prevent bifurcation of a 910-day vehicle debt and that the vehicle's creditor can assert an unsecured claim for any deficiency after the vehicle is surrendered and disposed. Id. at *3; In re Leaks, Case No. 06-69445-JEM (Bankr. N.D. Ga. Dec. 22, 2006); In re Barton, Case No. 06-41283-PWB (Bankr. N.D. Ga. Dec. 14, 2006); In re Davis, Case No. 06-40692-PWB (Bankr. N.D. Ga. Dec. 12, 2006).

For the following reasons, the Court follows the minority of courts and concludes that the "hanging paragraph" and § 506 do not prohibit creditors from bifurcating the debt associated with a surrendered 910-day vehicle into secured and unsecured portions.

First, § 506(a) does not apply to the instant situation because the debtor's estate does not retain an interest in

14

a 910-vehicle surrendered under 11 U.S.C.A. § 1325(a)(5)(C). By its terms, § 506(a) only applies to "an allowed claim of a creditor secured by a lien on property in which the estate has an interest . . ." 11 U.S.C.A. § 506(a). The Court is not persuaded by Appellants' argument that the debtor's interest in a 910-day vehicle is determined at the outset of the bankruptcy and that the debtor's surrender of the vehicle does not relinquish that interest. Rather, the surrender of a 910-day vehicle under 11 U.S.C.A. § 1325(a)(5)(C) terminates the estate's interest in the vehicle. 11 U.S.C.A. § 1306(b) ("Except as provided in a confirmed plan or order confirming a plan, the debtor shall remain in possession of all property of the estate."); In re Particka, 355 B.R. at 624; 8 Collier on Bankruptcy ¶ 1325.06[4] (Alan N. Resnick & Henry J. Sommer eds., 15th

ed. 2007) (stating that § 1325(a)(5)(C) requires surrender of collateral before or at conformation or at effective date of plan and that "surrender" means relinquishing of any rights in collateral); cf. In re White, 282 B.R. 418, 421-22 (Bankr. N.D. Ohio 2002) (interpreting term "surrender" under § 1325(a)(5)(C)).  The Court concludes that § 506 does not apply to 910-day vehicles surrendered under 11 U.S.C.A. § 1325(a)(5)(C) because such vehicles are no longer property of the debtor's estate.

Second, applicable state law, rather than pre- or post-BAPCPA § 506, bifurcates a secured creditor's claim upon surrender of the collateral under §1325(a)(5)(C). Pre-BAPCPA, § 506 was used to determine the "cram down" value of vehicles retained by debtors pursuant to § 1325(a)(5)(B), whereas, the value of surrendered collateral

16

was its <u>liquidation value</u>. See <u>Assoc. Commercial Corp.</u>, 520 U.S. at 957-65. Similarly, post-BAPCPA, a creditor taking possession of collateral surrendered under § 1325(a)(5)(c) also does not depend on § 506 to determine the value of the securing collateral or the amount of the remaining unsecured claim. Rather, the treatment of the remaining unsecured claim is determined by state law uniform commercial code sections 9-610 to 9-624. As explained in 8 <u>Collier on Bankruptcy</u> ¶ 1325.06[4],

> The Code is silent as to the extent to which the debtor or the court, as a court of equity, may impose reasonable restrictions on the manner in which the holder of an allowed secured claim may dispose of collateral surrendered by the debtor under section 1325(a)(5)(C). The applicable provisions of the Uniform Commercial Code control the disposition of collateral surrender under section 1325(a)(5)(C) with the result that the holder of an allowed secured claim would be entitled to an allowed unsecured claim for the amount remaining

17

> due the holder after an appropriate disposition of the surrendered collateral, unless the debtor and the holder otherwise agree or unless the collateral was accepted by the creditor in full satisfaction of the entire claim in accordance with U.C.C. Revised § 9-620 or other applicable nonbankruptcy law.

8 Collier on Bankruptcy, supra, ¶ 1325.06[4].

Additionally, by its terms, § 506 does not prohibit bifurcation of secured creditor's claims under state law. Similarly, neither § 506 nor § 1325(a)(5)(C) suggest that the surrender of a 910-day vehicle satisfies the allowed secured claim. The Court concludes that, although § 506 is inapplicable to § 1325(a) with regard to 910-day vehicles, state law still applies after a 910-day vehicle is surrendered under § 1325(a)(5)(C), and creditors may bifurcate their allowed secured claim on surrendered vehicles into secured and unsecured portions.

18

Third, the Court finds the reasoning set forth in Dupaco Community Credit Union v. Zehurng (In re Zehurng), 351 B.R. 675 (W.D. Wis. 2006); In re Duke, 345 B.R. 806 (Bankr. W.D. Ky. 2006); In re Particka, 355 B.R. 616; and In re Hoffman, -- B.R. --, 2006 WL 4071828 (Bankr. E.D. Mich. Dec. 29, 2006), persuasive, and agrees with the minority of courts on the instant issue. The Court observes that it is highly unlikely that Congress included the "hanging paragraph" to prohibit debtors from "cramming down" 910-day vehicle claims under § 1325(a)(5)(B), while, at the same time, permitting debtors to "cram down" such claims under § 1325(a)(5)(C).

The Court therefore concludes that 11 U.S.C.A. §§ 1325(a)(5)(C) and (a)(*) do not permit a debtor to surrender a 910-day vehicle to a secured creditor in full

satisfaction of the debt secured by the vehicle where the parties agree that the vehicle is worth less than the amount of the debt it secures. Consequently, the Court affirms the Bankruptcy Court's December 13, 2006, Order in this case.

## IV. Conclusion

ACCORDINGLY, the Court **AFFIRMS** the Bankruptcy Court's Order of December 13, 2006 [1]. The Court **DIRECTS** the Clerk to **CLOSE** this case.

IT IS SO ORDERED, this the 10th day of May, 2007.

_____
UNITED STATES DISTRICT JUDGE